SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
SHAWN M. WROBEL Bar No. 230030
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
rebecca.hull@sdma.com
shawn.wrobel@sdma.com

Attorneys for Defendant
Rolls Wood Group (Repair & Overhauls) USA, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUYEN LE,<br><br>        Plaintiff,<br><br>    v.<br><br>ANH VO, CHAU VO, THU VO, MINH VO, THUANHAI VO, MARIE AUERBACH, ROLLS WOOD GROUP (REPAIR & OVERHAULS) USA, and DOES 1-30, Inclusive,<br><br>        Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441(a), 1441(b) and 1441(c)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Rolls Wood Group (Repair & Overhauls) USA, Inc. ("Rolls Wood"), by and through its counsel, hereby removes the above-entitled action, which was filed by plaintiff Quyen Le in the Superior Court of the State of California, in and for the County of Alameda, Case No. RG 07305391 ("Complaint"), to this Court pursuant to 28 United States Code sections 1331, 1441(a), 1441(b) and 1441(c), on the following grounds:

### STATUTORY BASIS FOR REMOVAL

1.     28 United States Code section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2.  28 United States Code section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.  28 United States Code section 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

4.  28 United States Code section 1441(c) states that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."

## JURISDICTION

5.  This action is a civil action over which this Court has original jurisdiction under 28 United States Code section 1331, and is one which may be removed to this Court pursuant to the provisions of 28 United States Code sections 1441(a), 1441(b), and 1441(c), in that it seeks benefits under an employee benefit plan, and therefore arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 United States Code section 1001, *et seq.*

6.  Any remaining claims or causes of action in the complaint that are otherwise nonremovable are joined with separate and independent claims or causes of action within the jurisdiction conferred by 28 United States Code section 1331, and the entire case is therefore removable under 28 United States Code section 1441(c).

## FACTS SUPPORTING REMOVAL

7.  The Seventh Cause of Action of Plaintiff's Complaint, for "ERISA plan benefits from Rolls Wood," seeks unspecified benefits under an unidentified "plan" and is expressly brought "under ERISA." Complaint ¶ 54. These allegations establish on the face of the Complaint that the Seventh Cause of Action arises under federal law.

8.  The Complaint expressly mentions ERISA, and the Seventh Cause of Action

seeks "ERISA plan benefits from Rolls Wood." Complaint at 11:25. Plaintiff states that she "has been deprived of benefits under the plan and under ERISA." Complaint ¶¶ 53, 54. Plaintiff also seeks attorneys' fees pursuant to ERISA, Complaint ¶ 55, and "plan benefits from Rolls Wood." Complaint at 12:26.

### JOINDER OF OTHER DEFENDANTS IS NOT NECESSARY

9.  Joinder of other Defendants is also not required because Rolls Wood brings this Notice of Removal based on a separate and independent claim. The Seventh Cause of Action of Plaintiff's Complaint is the only cause of action against Rolls Wood, is made against Rolls Wood only, and is expressly brought under federal law. No claim against any other defendant is alleged to arise under federal law. Therefore, no other defendant need join in this Notice of Removal. *See* 28 U.S.C. § 1441(c); *Henry v. Indep. Am. Savings Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988) (where removal based upon "separate and independent" claim, consent of defendants named in the other claims not required).

### TIMELINESS OF REMOVAL PETITION

10. On September 6, 2007, plaintiff filed the First Amended Complaint in the Superior Court of the State of California, in and for the County of Alameda, entitled *Quyen Le v. Anh Vo, et al.*, Case No. RG07305391. True and correct copies of the summons and First Amended Complaint are attached hereto as Exhibit A.

11. Although Rolls Wood disputes that service was effected on September 10, 2007, the documents comprising Exhibit A were dropped off at a Rolls Wood's facility on September 10, 2007.

12. No other pleadings or papers have been attempted to be served on Rolls Wood, other than the summons and First Amended Complaint.

13. This Notice of Removal is filed with this Court within 30 days of the earliest date on which Rolls Wood first was arguably served with the summons and First Amended Complaint in the above-entitled action. Rolls Wood at no time was served with process in this action prior to receipt of the papers comprising Exhibit A on September 10, 2007. This removal is thus timely under 28 United States Code section 1446(b).

1  WHEREFORE, Rolls Wood removes the above-entitled action to this Court, and requests
2  that the Court assume jurisdiction over this action, including the Seventh Cause of Action, the
3  only claim asserted against Rolls Wood.

4  DATED: October 10, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: *[signature]*
Rebecca A. Hull
Shawn M. Wrobel
Attorneys for Defendant
Rolls Wood Group (Repair & Overhauls) USA, Inc

# Exhibit A



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Anh Vo, Chau Vo, Thu Vo, Minh Vo, Thuanhai Vo, Marie Auerbach, Rolls Wood USA, Metroploitan Life Insurance Company and Does 1-30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Quyen Le



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Endorsed
FILED
ALAMEDA COUNTY
JAN 0 9 2007
CLERK OF THE COURT
By _____, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland CA 94612

CASE NUMBER: *(Número del Caso)* VG 07 30539 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geoffrey M. Faust
P. O. Box 751 Clayton CA 94517  (925) 673-1988

DATE: JAN 0 9 2007   PAT S. SWEETEN   Clerk, by _Dasha Perry_, Deputy
*(Fecha)*                                  *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Geoffrey M. Faust SBN 93738
P.O. Box 751
Clayton, CA 94517
(925) 673-1988

Attorney for Plaintiff Quyen Le

ALAMEDA COUNTY SUPERIOR COURT

UNLIMITED JURISDICTION

Quyen Le,

    Plaintiff,

vs.

Anh Vo, Chau Vo, Thu Vo, Minh Vo, Thuanhai Vo, Marie Auerbach, Rolls Wood Group (Repair & Overhauls) USA, Inc. and Does 1-30, inclusive,

    Defendants.

Case No.: RG 07305391

Amended complaint for conversion, quiet title, negligence, undue influence, breach of contract, and interference with economic advantage

Plaintiff Quyen Le alleges:

1. At all times relevant to this complaint, plaintiff was the wife of Thanh Vo.

2. Defendant Anh Vo is an individual residing in, and a citizen of, the State of California.

3. Defendant Chau Vo is an individual residing in, and a citizen of, the State of California.

4. Defendant Thu Vo is an individual residing in, and a citizen of, the State of California.

Amended complaint for conversion

1

5. Defendant Minh Vo is an individual residing in, and a citizen of, the State of California.

6. Defendant Thuanhai Vo is an individual residing in, and a citizen of, the State of California.

7. Defendant Marie Auerbach is an individual residing in, and a citizen of, the State of California. Auerbach is sued individually and also as the custodian of funds that belong to plaintiff.

8. Defendant Rolls Wood Group (Repair & Overhauls) USA, Inc. ("Rolls Wood") is a California corporation, which is doing business in this County. Venue is proper, because the complaint alleges liability based on this defendant's activities in this County.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1-30, inclusive, and therefore sues these defendants by fictitious names. Each Doe defendant by act or omission culpably contributed to plaintiff's damages as alleged in this complaint. Each defendant, including each Doe defendant, was the agent of each other defendant with respect to the wrongful acts that damaged plaintiff as alleged in this complaint. Each such act was within the course and scope of such agency. Defendants, and each of them, have authorized, aided and abetted, and ratified the other defendants' misconduct as herein alleged.

10. Each of the five Vo defendants, Marie Auerbach and each Doe defendant, was the co-conspirator of each other defendant in all

2

Amended complaint for conversion

wrongful acts alleged in this complaint. Each such act was within the course and scope of the conspiracy.

11. Each Doe defendant is responsible in some manner or status for the breach of obligation described here, and plaintiff's losses were proximately caused by each such defendant's culpable acts or omissions.

12. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional threshold of this Court of unlimited jurisdiction.

13. Venue is proper, because community property in which plaintiff seeks to quiet her title is located within this County, because the contracts sued upon were to be performed and were breached in this County causing injury to plaintiff in this County, and because defendants' wrongful acts of conversion and negligence occurred within this County, including taking a vehicle located in this County, arrogating bank account proceeds from this County, wrongfully diverting employment-based benefits in this County, and exercising wrongful control over a personal injury action pending before a tribunal in this County. Venue is also proper because defendants tortiously interfered in this County with prospective advantage set to accrue to plaintiff in this County.

14. Defendants have refused plaintiff's demands for her property and for an accounting.

15. Quyen Le claims benefits under an ERISA plan managed by Rolls Wood. Rolls Wood denied Quyen Le's claim for benefits arbitrarily and

3

Amended complaint for conversion

capriciously based on a designation of beneficiary that Rolls Wood knew was a forgery or the product of undue influence or otherwise invalid. Rolls Wood with knowledge of the material facts either authorized this misconduct, or ratified the misconduct of its agent(s) acting in concert with the other defendants.

### FIRST CAUSE OF ACTION

<u>(Breach of oral contract against Marie Auerbach and Does 1-5)</u>

16. Plaintiff incorporates by this reference the previous allegations of this complaint.

17. At the times relevant to this complaint, Thanh Vo and Quyen Le were married and lived in California as husband and wife.

18. Quyen Le left Vietnam, married Thanh Vo and came to America with him to live as Thanh Vo's wife in reliance on the spoken agreement by Thanh to provide for Quyen. This agreement is confirmed in a separate written agreement that Thanh Vo entered with the United States Department of State that he would provide for Quyen Le, an agreement made in connection with Quyen Le coming to this country as Thanh Vo's wife.

19. In reliance on Thanh's promise to provide for her under the agreement, Quyen Le left her country, married Thanh Vo, and came to America. Quyen Le has fully performed her duties under her agreement with Thanh Vo, by entering the marriage and coming with Thanh Vo from

4

Amended complaint for conversion

Vietnam to the United States, where Thanh Vo and she lived as husband and wife.

20. Throughout the marriage to Quyen Le, Thanh Vo continued to be employed, earning community property for his own benefit as well as that of plaintiff Quyen Le. The employer (defendant Rolls Wood Group) provided life insurance, and Thanh designated Quyen as his beneficiary, in furtherance of his agreement to support her.

21. The five named Vo defendants are Thanh Vo's children by his first wife, deceased. Each is, and had been, hostile to plaintiff throughout her marriage to their father. Each defendant resented plaintiff and her position as new wife to their father, including the implications for community property and inheritance. These defendants were jealous of Quyen Le, and they also coveted her property and that of their father.

22. Thanh Vo became seriously ill, and then he became despondent over the illness. One result was emotional conflict with Quyen Le, his wife. Thanh Vo became very angry and moved out of the home in which he and Quyen Le were living. The Vo defendants took advantage of this unfortunate situation to exercise undue influence over Thanh Vo so as to cause Thanh Vo to entirely and immediately change his financial arrangements. Each change was for the benefit of the five Vo defendants, and, each change was to Quyen Le's detriment. This activity includes emptying community property bank accounts of funds, changing the beneficiary designation on life insurance, abrupt

5

Amended complaint for conversion

withdrawal of 401(k) account funds, and attempted gifts of community property to the Vo defendants, in derogation of Quyen Le's rights as Thanh Vo's wife and in violation of Thanh Vo's agreement to provide for her.

23. In furtherance of this plan of misconduct, defendants absconded with the family truck from plaintiff's driveway. Defendants have refused to return the truck, despite plaintiff having produced proof of title.

24. In additional furtherance of this plan of misconduct, Marie Auerbach has held herself out as the controlling person over Thanh Vo's property. In that guise, Auerbach has exercised control of personal injury benefits attributable to Thanh Vo's employment, in derogation of Quyen Le's rights as wife and in violation of Thanh Vo's agreement to provide for her. Marie Auerbach is sued, in part, in Thanh Vo's stead, for breach of the contract to provide for Quyen Le.

25. As a result of breach of contract, plaintiff has suffered financial loss in excess of $25,000, has lost specific property and has incurred attorney's fees.

WHEREFORE plaintiff prays judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

(To quiet title against Marie Auerbach, the five (5) Vo defendants, and Does 6-10)

6

Amended complaint for conversion

26. Plaintiff incorporates by this reference the previous allegations of this complaint.

27. Thanh Vo breached the fiduciary duty he owed to Quyen Le growing out of their marriage relation, oral agreement, and Quyen's dependence on Thanh Vo, by disposing of both his own and Quyen's property in an irresponsible manner that left him unable to fulfill his agreement to provide for his wife.

28. Defendant Auerbach has breached her fiduciary duty to plaintiff as successor to Thanh's obligations to Quyen, by reason of Marie Auerbach's exercise of control over the property of Thanh Vo and the community property of his marriage. In the event, Auerbach breached her duty by diverting plaintiff's property to herself and the remaining defendants, including the five Vo defendants. Auerbach is also liable for facilitating Thanh Vo's breach of fiduciary duty to Quyen Le.

29. It is necessary and proper for the court at this time to determine plaintiff's rights, quieting title in Quyen Le, because until the conflict has been resolved, plaintiff will remain deprived of the use of her property by defendants.

WHEREFORE plaintiff prays judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

(For conversion against defendants Marie Auerbach, the five (5) Vo defendants and Does 11-15)

7

Amended complaint for conversion

30. Plaintiff incorporates by this reference the previous allegations of this complaint.

31. Each defendant intentionally and without plaintiff's consent converted to their own use plaintiff's property, including bank account proceeds, proceeds of a 401(k) account, life insurance proceeds, personal injury compensation, and a Tacoma truck.

32. In the foregoing manner, each defendant has exercised dominion and control over plaintiff's property and has converted the same to their own uses.

33. As a proximate result, plaintiff has suffered financial, personal, physical and emotional damages.

34. Defendants' conduct was malicious, oppressive and fraudulent, entitling plaintiff to an award of punitive damages, in an amount to be determined at trial.

WHEREFORE plaintiff prays judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

(Undue influence against Marie Auerbach, the five (5) Vo defendants and Does 16-20)

35. Plaintiff incorporates by this reference the previous allegations of this complaint.

36. These defendants entered a conspiracy to exercise undue influence over Thanh Vo to induce him to make "gifts" to defendants. Undue

Amended complaint for conversion

8

influence, fraud, duress and other improper conduct were engaged in by the defendants to influence Thanh Vo to alienate property in which plaintiff holds a community property interest, and also property needed to fulfill Thanh Vo's promise to provide for Quyen Le.

37. Thanh Vo was susceptible to undue influence as a result of his illness, despondency, and emotional conflict with his wife. When Thanh Vo moved out of the home with Quyen Le as a result, this provided the opportunity for defendants to exercise undue influence over him. Defendants were already disposed to exercise undue influence due to their hostility and jealousy towards plaintiff as their father's new wife. Seizing this opportunity, defendants exercised such undue influence in taking active part in Thanh's making gifts of community property and disposing of community property for less than fair and reasonable value, without the consent of Quyen Le. Defendants caused this damaging undue influence with respect to Thanh Vo's disposition of the proceeds of employer-provided life Insurance, the 401(k) account assets, the family Tacoma truck, community property bank accounts and other property.

38. Defendant's improper influence deprived Thanh Vo of freedom of choice and substituted defendants' choices and desires for Thanh Vo's own. These transactions would not have happened except for defendants' undue influence.

39. As a proximate result, plaintiff has suffered financial, personal, physical and emotional damages.

9

Amended complaint for conversion

40. Defendants' conduct was malicious, oppressive and fraudulent, entitling plaintiff to an award of punitive damages, in an amount to be determined at trial.

WHEREFORE plaintiff prays judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION

(Interference with economic advantage against Marie Auerbach, the five (5) Vo defendants, and Does 21-25)

41. Plaintiff incorporates by this reference the previous allegations of this complaint.

42. Quyen Le and Thanh Vo were in an economic relationship that was likely to result in continued economic benefit of Quyen Le.

43. Defendants, and each of them, knew of this relationship and either intended to disrupt it, or knew or should have known that their misconduct was likely to disrupt it, if defendants failed to act with reasonable care.

44. Defendants failed to act with reasonable care and engaged in wrongful conduct, including undue influence over Thanh Vo's decisions, as well as misrepresentations to him and concealments from him as to the effect of those decisions on Quyen Le.

45. As a result, the relationship was disrupted, with defendants' misconduct causing harm to Quyen Le in the outcome.

10

Amended complaint for conversion

46. As a proximate result, plaintiff has suffered financial, personal, physical and emotional damages.

47. If intentional, then each defendant's conduct was malicious, oppressive and fraudulent, entitling plaintiff to an award of punitive damages, in an amount to be determined at trial.

WHEREFORE plaintiff prays judgment as hereinafter set forth.

### SIXTH CAUSE OF ACTION

(Inducing breach of contract against Marie Auerbach, the five (5) Vo defendants and Does 26-30)

48. Plaintiff incorporates by this reference the previous allegations of this complaint.

49. Defendants, at all times relevant, knew of the agreement between plaintiff and Thanh Vo, and of the plaintiff's interests under that agreement. With intent to deprive plaintiff of her rights, defendants' conduct caused Thanh Vo to breach the agreement.

50. As a result of the breach of contract, plaintiff has suffered financial loss in excess of $25,000, has lost specific property and has incurred attorney's fees.

WHEREFORE plaintiff prays judgment as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

(For ERISA plan benefits from Rolls Wood)

11

Amended complaint for conversion

51. Plaintiff incorporates by this reference the previous allegations of this complaint.

52. Plaintiff has exhausted any required nonjudicial remedies, or exhaustion has been excused.

53. Defendants' decision to deny benefits to plaintiff was wrongful, unreasonable, contrary to the terms of the plan and contrary to law. The decision was wrong based on the evidence at the time of the denial, and it was wrong based on all the evidence coming to light later.

54. As a direct and proximate result of defendants' conduct, plaintiff has been deprived of benefits under the plan and under ERISA.

55. As a further direct and proximate result of the denial of benefits, Plaintiff has been required to incur attorney fees to pursue this action, and ought to have such fees paid by defendants under ERISA.

Wherefore, plaintiff prays judgment as follows:

1. That the court quiet title in Quyen Le as to the property in dispute;
2. For appropriate equitable remedies, including tracing and imposition of constructive trust, and equitable relief with respect to the life insurance transactions, 401(k) distributions, and other transactions, as appropriate;
3. For compensatory damages, according to proof;
4. For punitive damages according to proof;
5. For prejudgment interest;
6. For plan benefits from Rolls Wood;

Amended complaint for conversion

12

1  7. For an accounting;

2  8. For costs of suit and attorney's fees, and

3  9. For such additional relief as the court may deem just and proper.

4

5  Dated: August 31, 2007

6

7  *[signature: Geoff M Faust]*

   Geoffrey M. Faust
   Attorney for plaintiff Quyen Le

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

13

Amended complaint for conversion