1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   REBECCA A. HULL  Bar No. 99802
2  SHAWN M. WROBEL Bar No. 230030
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5  rebecca.hull@sdma.com
   shawn.wrobel@sdma.com
6
   Attorneys for Defendant
7  Rolls Wood Group (Repair & Overhauls) USA, Inc.

8                    UNITED STATES DISTRICT COURT

9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11
   QUYEN LE,                          │  CASE NO. 07-cv-05193 BZ
12                                     │
            Plaintiff,                 │  **ANSWER TO FIRST AMENDED**
13                                     │  **COMPLAINT**
      v.                               │
14                                     │
   ANH VO, CHAU VO, THU VO, MINH       │
15 VO, THUANHAI VO, MARIE              │
   AUERBACH, ROLLS WOOD GROUP          │
16 (REPAIR & OVERHAULS) USA, and       │
   DOES 1-30, Inclusive,               │
17                                     │
            Defendants.                │
18

19

20      Defendant Rolls Wood Group (Repair & Overhauls) USA ("Rolls Wood") responds to

21 the First Amended Complaint ("Complaint") of plaintiff Quyen Le, on file herein, as follows:

22      1.    On information and belief, Rolls Wood admits the allegations of paragraph 1 of

23 the Complaint.

24      2.    Rolls Wood has no information sufficient to form a belief as to the allegations set

25 forth in paragraph 2 of the Complaint, and on that basis denies such allegations.

26      3.    Rolls Wood has no information sufficient to form a belief as to the allegations set

27 forth in paragraph 3 of the Complaint, and on that basis denies such allegations.

28      4.    Rolls Wood has no information sufficient to form a belief as to the allegations set

1  forth in paragraph 4 of the Complaint, and on that basis denies such allegations.

2      5.    Rolls Wood has no information sufficient to form a belief as to the allegations set

3  forth in paragraph 5 of the Complaint, and on that basis denies such allegations.

4      6.    Rolls Wood has no information sufficient to form a belief as to the allegations set

5  forth in paragraph 6 of the Complaint, and on that basis denies such allegations.

6      7.    Rolls Wood has no information sufficient to form a belief as to the allegations set

7  forth in paragraph 7 of the Complaint, and on that basis denies such allegations.

8      8.    Responding to the allegations of paragraph 8 of the Complaint, Rolls Woods

9  states that it is a Delaware corporation, and denies that it is a California corporation. Rolls Wood

10  denies that it had engaged in any activity within Alameda County which gives rise to any actual

11  or potential liability to plaintiff.

12      9.    To the extent that paragraph 9 of the Complaint consists of legal conclusions,

13  Rolls Wood is not required to respond. To the extent that paragraph 9 of the Complaint consists

14  of factual allegations, Rolls Wood denies such allegations as to itself, and lacks information

15  sufficient to form a belief as to such allegations regarding any other person or entity and on such

16  basis denies such allegations as to all other persons or entities.

17      10.   To the extent that paragraph 10 of the Complaint consists of legal conclusions,

18  Rolls Wood is not required to respond. To the extent that paragraph 10 of the Complaint consists

19  of factual allegations, Rolls Wood denies such allegations as to itself, and lacks information

20  sufficient to form a belief as to such allegations regarding any other person or entity and on such

21  basis denies such allegations as to all other persons or entities.

22      11.   To the extent that paragraph 11 of the Complaint consists of legal conclusions,

23  Rolls Wood is not required to respond. To the extent that paragraph 11 of the Complaint consists

24  of factual allegations, Rolls Wood denies such allegations and further and expressly denies that

25  plaintiff suffered any injury or damage of any type or kind for which Rolls Wood is or may be

26  liable, or at all.

27      12.   To the extent that paragraph 12 of the Complaint consists of legal conclusions,

28  Rolls Wood is not required to respond. To the extent that paragraph 12 of the Complaint consists

1   of factual allegations, Rolls Wood denies them.

2        13.    To the extent that paragraph 13 of the Complaint consists of legal conclusions,
3   Rolls Wood is not required to respond. To the extent that paragraph 13 of the Complaint consists
4   of factual allegations, Rolls Wood admits that venue is proper in the Northern District of
5   California, but denies the balance of the factual allegations of paragraph 13 to the extent that
6   such allegations could be construed as having been made against Rolls Wood. To the extent that
7   such allegations are made against persons or entities other than Rolls Wood, Rolls Wood lacks
8   information sufficient to form a belief as to them, and on that basis denies them.

9        14.    To the extent that paragraph 14 is construed as being alleged against Rolls Wood,
10  the allegations thereof are denied. To the extent that such allegations are made against persons or
11  entities other than Rolls Wood, Rolls Wood lacks information sufficient to form a belief as to
12  them, and on that basis denies them.

13       15.    To the extent that paragraph 15 of the Complaint consists of legal conclusions,
14  Rolls Wood is not required to respond. Responding to the factual allegations of paragraph 15 of
15  the Complaint, Rolls Wood denies such allegations and expressly denies that it made denied a
16  claim for benefits by plaintiff.

17       16.    Responding to paragraph 16 of the Complaint, Rolls Wood incorporates herein by
18  reference, as though set forth in full, paragraphs 1 through 15 above, inclusive.

19       17.    Rolls Wood has no information sufficient to permit it to form a belief as to the
20  truth of the allegations of paragraph 17 of the Complaint, and on that basis denies such
21  allegations.

22       18.    Rolls Wood has no information sufficient to permit it to form a belief as to the
23  truth of the allegations of paragraph 18 of the Complaint, and on that basis denies such
24  allegations.

25       19.    Rolls Wood has no information sufficient to permit it to form a belief as to the
26  truth of the allegations of paragraph 19 of the Complaint, and on that basis denies such
27  allegations.

28       20.    Responding to the allegations of paragraph 20 of the Complaint, Rolls Wood

1    states that Thanh Vo, as an employee of Rolls Wood, was eligible to and did participate in certain
2    employee benefit plans, including an employee welfare benefit plan which provides life
3    insurance coverage to Rolls Wood employees (hereafter, "life insurance Plan"), and that Thanh
4    Vo at one time had designated plaintiff as his beneficiary under the life insurance Plan. Except
5    as affirmatively stated herein, Rolls Wood has no information sufficient to permit it to form a
6    belief as to the truth of the allegations of paragraph 20 of the Complaint, and on that basis denies
7    such allegations.

8        21.    Responding to the allegations of paragraph 21 of the Complaint, Rolls Wood is
9    informed and believes, and on that basis admits, that Anh Vo, Chau Vo, Thu Vo, Minh Vo and
10    Thuanhai Vo are children of Thanh Vo. Except as expressly admitted, Rolls Wood has no
11    information sufficient to permit it to form a belief as to the truth of the allegations of paragraph
12    21 of the Complaint, and on that basis denies such allegations.

13        22.    Responding to the allegations of paragraph 22 of the Complaint, Rolls Wood
14    states that Thanh Vo stopped actively working as an employee of Rolls Wood on the basis of a
15    reported illness, and that Thanh Vo changed his beneficiary designation under the life insurance
16    Plan such that plaintiff no longer was designated as his beneficiary. Except as expressly
17    admitted, Rolls Wood has no information sufficient to permit it to form a belief as to the truth of
18    the allegations of paragraph 22 of the Complaint, and on that basis denies such allegations.

19        23.    Rolls Wood has no information sufficient to permit it to form a belief as to the
20    truth of the allegations of paragraph 23 of the Complaint, and on that basis denies such
21    allegations.

22        24.    Rolls Wood has no information sufficient to permit it to form a belief as to the
23    truth of the allegations of paragraph 24 of the Complaint, and on that basis denies such
24    allegations.

25        25.    Rolls Wood has no information sufficient to permit it to form a belief as to the
26    truth of the allegations of paragraph 25 of the Complaint, and on that basis denies such
27    allegations.

28        26.    Responding to paragraph 26 of the Complaint, Rolls Wood incorporates herein by

-4-
ANSWER TO FIRST AMENDED COMPLAINT

1  reference, as though set forth in full, paragraphs 1 through 25 above, inclusive.

2      27.    Rolls Wood has no information sufficient to permit it to form a belief as to the
3  truth of the allegations of paragraph 27 of the Complaint, and on that basis denies such
4  allegations.

5      28.    Rolls Wood has no information sufficient to permit it to form a belief as to the
6  truth of the allegations of paragraph 28 of the Complaint, and on that basis denies such
7  allegations.

8      29.    Rolls Wood has no information sufficient to permit it to form a belief as to the
9  truth of the allegations of paragraph 29 of the Complaint, and on that basis denies such
10  allegations.

11      30.    Responding to paragraph 30 of the Complaint, Rolls Wood incorporates herein by
12  reference, as though set forth in full, paragraphs 1 through 29 above, inclusive.

13      31.    Responding to the allegations of paragraph 31 of the Complaint, Rolls Wood
14  denies the allegations thereof in which plaintiff implicitly asserts that she had or has a right to
15  benefits under the life insurance Plan.  Rolls Wood has no information sufficient to permit it to
16  form a belief as to the truth of the remaining allegations of paragraph 31 of the Complaint, and
17  on that basis denies such allegations.

18      32.    Responding to the allegations of paragraph 32 of the Complaint, Rolls Wood
19  denies the allegations thereof in which plaintiff implicitly asserts that she had or has a right to
20  benefits under the life insurance Plan.  Rolls Wood has no information sufficient to permit it to
21  form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and
22  on that basis denies such allegations.

23      33.    Responding to paragraph 33 of the Complaint, Rolls Wood denies that plaintiff
24  has suffered any legally recognized or compensable injury with regard to her failure to receive
25  benefits under the life insurance Plan.  Except as expressly stated herein, Rolls Wood has no
26  information sufficient to permit it to form a belief as to the truth of the allegations of paragraph
27  33 of the Complaint, and on that basis denies such allegations.

28      34.    The allegations of paragraph 34 of the Complaint are not directed to Rolls Wood,

1  which therefore is not required to respond to them.  To the extent that such allegations could be
2  deemed to be directed to Rolls Wood, they are denied.

3      35.    Responding to paragraph 35 of the Complaint, Rolls Wood incorporates herein by
4  reference, as though set forth in full, paragraphs 1 through 34 above, inclusive.

5      36.    Rolls Wood has no information sufficient to permit it to form a belief as to the
6  truth of the allegations of paragraph 36 of the Complaint, and on that basis denies such
7  allegations.

8      37.    Responding to the allegations of paragraph 37 of the Complaint, Rolls Wood
9  denies all allegations relating to the life insurance Plan and/or the 401k plan in which Thanh Vo
10  participated as a result of his employment with Rolls Wood.  Rolls Wood has no information
11  sufficient to permit it to form a belief as to the truth of the remaining allegations of paragraph 37
12  of the Complaint, and on that basis denies such allegations.

13      38.    The allegations of paragraph 34 of the Complaint are not directed to Rolls Wood,
14  which therefore is not required to respond to them.  To the extent that such allegations could be
15  deemed to be directed to Rolls Wood, Rolls Wood has no information sufficient to permit it to
16  form a belief as to the truth of such allegations and on that basis denies them.

17      39.    The allegations of paragraph 39 of the Complaint are not directed to Rolls Wood,
18  which therefore is not required to respond to them.  To the extent that such allegations could be
19  deemed to be directed to Rolls Wood, they are denied.

20      40.    The allegations of paragraph 40 of the Complaint are not directed to Rolls Wood,
21  which therefore is not required to respond to them.  To the extent that such allegations could be
22  deemed to be directed to Rolls Wood, they are denied.

23      41.    Responding to paragraph 41 of the Complaint, Rolls Wood incorporates herein by
24  reference, as though set forth in full, paragraphs 1 through 40 above, inclusive.

25      42.    Rolls Wood has no information sufficient to permit it to form a belief as to the
26  truth of the remaining allegations of paragraph 42 of the Complaint, and on that basis denies such
27  allegations.

28      43.    Rolls Wood has no information sufficient to permit it to form a belief as to the

1    truth of the remaining allegations of paragraph 43 of the Complaint, and on that basis denies such
2    allegations.

3        44.    Rolls Wood has no information sufficient to permit it to form a belief as to the
4    truth of the remaining allegations of paragraph 44 of the Complaint, and on that basis denies such
5    allegations.

6        45.    Rolls Wood has no information sufficient to permit it to form a belief as to the
7    truth of the remaining allegations of paragraph 45 of the Complaint, and on that basis denies such
8    allegations.

9        46.    The allegations of paragraph 46 of the Complaint are not directed to Rolls Wood,
10    which therefore is not required to respond to them.  To the extent that such allegations could be
11    deemed to be directed to Rolls Wood, they are denied.

12        47.    The allegations of paragraph 47 of the Complaint are not directed to Rolls Wood,
13    which therefore is not required to respond to them.  To the extent that such allegations could be
14    deemed to be directed to Rolls Wood, they are denied.

15        48.    Responding to paragraph 48 of the Complaint, Rolls Wood incorporates herein by
16    reference, as though set forth in full, paragraphs 1 through 47 above, inclusive.

17        49.    Rolls Wood has no information sufficient to permit it to form a belief as to the
18    truth of the remaining allegations of paragraph 49 of the Complaint, and on that basis denies such
19    allegations.

20        50.    The allegations of paragraph 50 of the Complaint are not directed to Rolls Wood,
21    which therefore is not required to respond to them.  To the extent that such allegations could be
22    deemed to be directed to Rolls Wood, they are denied.

23        51.    Responding to paragraph 51 of the Complaint, Rolls Wood incorporates herein by
24    reference, as though set forth in full, paragraphs 1 through 50 above, inclusive.

25        52.    The allegations of paragraph 52 of the Complaint are denied.

26        53.    To the extent that paragraph 53 of the Complaint consists of legal conclusions,
27    Rolls Wood is not required to respond.  To the extent that paragraph 53 of the Complaint consists
28    of factual allegations, Rolls Wood denies all such allegations, and further expressly denies that it

1  denied any benefit claim made by plaintiff under the life insurance Plan or under the 401k plan in

2  which Thanh Vo participated by reason of his employment with Rolls Wood.

3        54.      To the extent that paragraph 54 of the Complaint consists of legal conclusions,

4  Rolls Wood is not required to respond.  To the extent that paragraph 54 of the Complaint consists

5  of factual allegations, Rolls Wood is informed and believes that plaintiff was not the currently

6  designated beneficiary of Thanh Vo under the life insurance Plan at the time of Thanh Vo's death

7  and therefore the benefits under the life insurance Plan were not paid to plaintiff by the life

8  insurance Plan's claim administrator, Metropolitan Life Insurance Company.  Due to the

9  ambiguous allegation with regard to "benefits under the plan and under ERISA" Rolls Wood is

10  unable to respond with greater specificity, but generally denies the allegations of paragraph 54 of

11  the Complaint except as expressly affirmatively stated herein, and further and expressly denies

12  that there is any factual or legal basis on which any dispute between plaintiff and Rolls Wood

13  could or should be resolved in favor of plaintiff.  Rolls Wood denies that there is any form of

14  remedy or relief of any type or kind, in any amount or amounts, which properly could be awarded

15  to plaintiff and against Rolls Wood with regard to any of the matters set forth in the Complaint.

16        55.      The allegations of paragraph 55 of the Complaint are denied, and Rolls Wood

17  further and expressly denies that plaintiff is or may be entitled to attorney fees whether under

18  ERISA or under any other statute or common law, or to any other form of remedy or relief of any

19  type or kind, in any amount or amounts, with regard to any of the matters set forth in the

20  Complaint.  Rolls Wood further expressly denies that there is any factual or legal basis on which

21  any dispute between plaintiff and Rolls Wood could or should be resolved in favor of plaintiff.

22  **FIRST AFFIRMATIVE DEFENSE**

23  The Complaint fails to state a claim against Rolls Wood upon which relief can be granted.

24  **SECOND AFFIRMATIVE DEFENSE**

25  Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

26  **THIRD AFFIRMATIVE DEFENSE**

27  The Complaint fails to state a claim against Rolls Wood upon which attorney fees can be

28  awarded.

-8-

1  **FOURTH AFFIRMATIVE DEFENSE**

2  Each action of Rolls Wood and of any employees and agents of Rolls Wood with respect

3  to the matters alleged in the Complaint, if any such action was taken, was at all times done in

4  good faith and for proper reasons.

5  **FIFTH AFFIRMATIVE DEFENSE**

6  Plaintiff's claims are barred by the doctrine of estoppel.

7  **SIXTH AFFIRMATIVE DEFENSE**

8  Plaintiff failed to exhaust remedies provided by the internal appeal procedures of the

9  relevant employee benefit plans, as a result of which the claims attempted to be made against

10 Rolls Wood are barred.

11 **SEVENTH AFFIRMATIVE DEFENSE**

12 Plaintiff's claims are barred by the doctrine of waiver.

13 **EIGHTH AFFIRMATIVE DEFENSE**

14 Plaintiff's claims are barred by the fact that any decisions made by Rolls Wood or by the

15 relevant employee benefit plans or by others on behalf of Rolls Wood or on behalf of the relevant

16 employee benefits plans, were not arbitrary or capricious, but rather were reasonable in light of

17 the facts and the terms and conditions of the relevant employee benefit plans and the applicable

18 law.

19 **NINTH  AFFIRMATIVE DEFENSE**

20 All of the actions of Rolls Wood, and of those persons and entities who acted on behalf of

21 Rolls Wood and/or on behalf of the relevant employee benefit plans with regard to matters

22 alleged in the Complaint, if any, were permitted and/or were required by the applicable law

23 and/or by the terms of the relevant employee benefit plans.

24 **TENTH AFFIRMATIVE DEFENSE**

25 All determinations made by Rolls Wood or by others on behalf of Rolls Wood and/or on

26 behalf of the relevant employee benefit plans with respect to the matters alleged in the Complaint

27 were made in the interest of all of the participants and beneficiaries of such plans as a whole, and

28 in accordance with the terms and conditions of the relevant employee benefit plans and the

-9-

1 | applicable law.

2 | **ELEVENTH AFFIRMATIVE DEFENSE**

3 | None of the claims being pursued in the Complaint against Rolls Wood is payable under

4 | the terms and conditions of the relevant employee benefit plans or under applicable law.

5 | **TWELFTH AFFIRMATIVE DEFENSE**

6 | Plaintiff failed to comply with each and all of the terms and conditions of the applicable

7 | employee benefit plan documents, and for that reason the claims attempted to be stated in the

8 | Complaint against Rolls Wood are not payable.

9 | **THIRTEENTH AFFIRMATIVE DEFENSE**

10 | The claims attempted to be stated in the Complaint are barred by the doctrine of collateral

11 | estoppel, in that this Court previously has found and adjudged that the benefits of the life

12 | insurance Plan were properly paid to persons other than plaintiff, pursuant to Thanh Vo's

13 | beneficiary designation under the life insurance Plan.

14 | **FOURTEENTH AFFIRMATIVE DEFENSE**

15 | Any recovery by plaintiff is barred in whole or in part due to her own delay or failure to

16 | disclose or provide information pertaining to the allegations in her Complaint.

17 | **FIFTEENTH AFFIRMATIVE DEFENSE**

18 | Any injury or damage sustained by plaintiff with regard to the matters alleged in the

19 | Complaint, the fact and alleged extent of which is expressly denied by Rolls Wood, is and was

20 | the result of conduct of persons and entities for which Rolls Wood has no factual or legal

21 | liability, including but not limited to conduct of plaintiff.

22 | **SIXTEENTH AFFIRMATIVE DEFENSE**

23 | Rolls Wood is not a proper party to this action.

24 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

25 | Plaintiff has failed to join necessary or indispensable parties.

26 | **EIGHTEENTH AFFIRMATIVE DEFENSE**

27 | Plaintiff had failed to set out her claims with sufficient particularity to permit Rolls Wood

28 | to raise all potentially appropriate defenses, and Rolls Wood therefore reserves the right to add

-10-
ANSWER TO FIRST AMENDED COMPLAINT

1    further defenses as the bases for plaintiff's purported claims become known, pursuant to the

2    provisions of Rule 8 of the Federal Rules of Civil Procedure.

3         WHEREFORE, Rolls Wood prays for relief as follows:

4         1.    That plaintiff take nothing by way of her Complaint;

5         2.    That judgment be entered in favor of Rolls Wood and against plaintiff;

6         3.    That Rolls Wood be awarded its costs of suit incurred in this action;

7         4.    That Rolls Wood be awarded its attorney's fees incurred in this action under 29

8    U.S.C. § 1132; and

9         5.    For such other and further relief as the Court deems just and proper.

10

11   DATED: October 16, 2007              SEDGWICK, DETERT, MORAN & ARNOLD LLP

12

13                               By:

                                    Rebecca A. Hull
14                                  Shawn M. Wrobel
                                    Attorneys for Defendant
15                                  Rolls Wood Group (Repair & Overhauls) USA,
                                    Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

1    **PROOF OF SERVICE**

2        I am a resident of the State of California, over the age of eighteen years, and not a party to
     the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market
3    Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On October 16, 2007, I served
     the within document(s):

4

     **ANSWER TO FIRST AMENDED COMPLAINT**

5

6    ☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the
          fax number(s) set forth on the attached Telecommunications Cover Page(s) on this
          date before 5:00 p.m.

7    ☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage
          thereon fully prepaid, in the United States mail at San Francisco, California
8         addressed as set forth below.

9    ☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to
          the person(s) at the address(es) set forth below.

10   ☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
          envelope with shipping prepaid, and depositing in a collection box for next day
11        delivery to the person(s) at the address(es) set forth below via .

12   Geoffrey M. Faust, Esq.                            Attorneys For Plaintiff
     P.O. Box 751
13   Clayton, CA 94517

14   Phone: 925-673-1988

15

16       I am readily familiar with the firm's practice of collection and processing correspondence
     for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
17   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
     motion of the party served, service is presumed invalid if postal cancellation date or postage
18   meter date is more than one day after date of deposit for mailing in affidavit.

19       I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct. Executed on October 16, 2007, at San Francisco, California.

20                                              _Mark Mitobe_

21   _____
                                                 Mark Mitobe
22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP    28