1  Geoffrey M. Faust, SBN 93738
   P.O. Box 751
2  Clayton, CA 94517
   Telephone (925) 673-1988
3  Attorney for Plaintiff
   Quyen Le
4
   SEDGWICK, DETERT, MORAN & ARNOLD LLP
5  REBECCA A. HULL BAR No. 99802
   SHAWN M. WROBEL Bar No. 230030
6  One Market Plaza
   Steuart Tower, 8th Floor
7  San Francisco, California 94105
   Telephone: (415) 781-7900
8  Facsimile: (415) 781-2635
   rebecca.hull@sdma.com
9  shawn.wrobel@sdma.com
   Attorneys for Defendant
10 Rolls Wood Group (Repair & Overhauls) USA, Inc.

11 LAW OFFICES OF JACK BENOUN
   JACK BENOUN, Bar No. 44170
12 DAVID J. BENOUN, Bar No. 247430
   39510 Paseo Padre Parkway
13 Suite 190
   Fremont, California 94538
14 Telephone: (510) 797-3018
   Attorneys for Vo defendants
15
   Charles Brumfield SBN 56 636
16 1725 Gillespie Way
   El Cajon, CA 92020
17 Office phone:  (619) 596.8600 X 138
   Office fax:  (619) 596.8790
18 Attorney for Marie Auerbach

19
                    UNITED STATES DISTRICT COURT
20
       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
21

22

23

24

25

26

27

28

                                                  -1-                     3:07-cv-05193-CRB
                              JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| QUYEN LE,<br><br>          Plaintiff,<br><br>     v.<br><br>ANH VO, CHAU VO, THU VO, MINH VO, THUANHAI VO, MARIE AUERBACH, ROLLS WOOD GROUP (REPAIR & OVERHAULS) USA, and DOES 1-30, Inclusive,<br><br>          Defendants. | CASE NO. 3:07-cv-05193-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference**: February 28, 2008<br>**Time**:           8:30 a.m.<br>**Courtroom**:    8, 19th Floor<br><br>Hon. Charles R. Breyer |

All parties collectively submit this Joint Case Management Conference Statement.

1.  <u>Jurisdiction and service</u>. The Court's jurisdiction is premised on the removal petition filed by defendant Rolls Wood Group (Repair & Overhauls) USA ("Rolls Wood"), alleging complete preemption under ERISA due to the dispute regarding plaintiff's alleged entitlement to life insurance and pension benefits.

2.  <u>Facts</u>.

    <u>a.</u>  Plaintiff's position

    <u>b.</u>  Defendants' position(s)

        <u>Position of Marie Auerbach</u>:

Charles E. Brumfield as prospective counsel for Marie Auerbach has applied to the Court for admission to the applicable Federal Bar and is awaiting a response. Upon receiving the necessary admission, Attorney Brumfield has agreed to forthwith file an answer on behalf of Defendant Auerbach. Mr. Brumfield is in the process of negotiating settlement with counsel for Plaintiff. Mr. Brumfield will agree to any discovery plan or litigation particulars recommended by respective counsel and approved by the Court.

        <u>The Vo's position</u>: Plaintiff contests her late husband's decision to

1 designate the Vo's as beneficiaries of his term life insurance and 401(k) on
2 the grounds that Vo's exercised undue influence over their father;
3 notwithstanding that: (a) their father, on his own accord, drove himself to
4 his employer to change his beneficiaries in his cancer-inflicted state; (b)
5 their father repeatedly informed his children and doctors that he believed
6 his wife was poisoning him; (c) the parties were separated; and (d) their
7 father filed a Petition for Dissolution of Marriage before his death.
8 Plaintiff further alleges breach of contract against the Vo's, despite the fact
9 that the Vo's never entered into a contractual relationship with Plaintiff as
10 admitted in Plaintiff's complaint.  Finally, Plaintiff alleges quiet title over
11 a "family truck" despite the Vo's production of proof of title.

### Rolls Wood's position

The Seventh Cause of Action, for "ERISA plan benefits," is the sole claim asserted against Rolls Wood. Plaintiff's deceased husband was formerly employed by Rolls Wood and, as a result of that employment relationship, he received a variety of employee benefits. Plaintiff mentions two of those benefits in her Complaint – life insurance benefits under the employer's employee welfare benefit program, and retirement benefits under the Rolls Wood Group (Repair & Overhauls) USA Retirement Savings Plan ("401(k) plan"). Both types of benefits, and the plans through which they are provided, are governed by ERISA. Plaintiff's Seventh Cause of Action ambiguously claims that Rolls Wood denied Plaintiff benefits allegedly due her "under the plan and under ERISA," and seeks "equitable relief with respect to the life insurance transactions [and] 401(k) distributions."

Plaintiff may not recover life insurance benefits in this action, because this Court has previously held that this issue is governed by ERISA and, under ERISA, the decision to pay the named beneficiaries was proper and was upheld in a judgment entered in favor of the claim administrator, Metropolitan Life Insurance Company ("MetLife"), and against Plaintiff.

Plaintiff is also not entitled to relief with regard to the 401(k) plan. As Rolls Wood understands her claim, she contends that 401(k) plan assets left her late husband's account

1  shortly before his death, which she contends was contrary to her alleged rights as a spouse.

2  Distributions of the 401(k) plan benefits are managed by the plan's trustee, Fidelity Management

3  Trust Company. Participants in the 401(k) plan, including Plaintiff's deceased husband, can

4  access and manage their own 401(k) plan investment accounts over the internet. Except in

5  instances of a "hardship" withdrawal, which did not occur with regard to Plaintiff's husband's

6  account, Rolls Wood is not notified in advance of a distribution from an employee's 401(k)

7  account. So far as Rolls Wood is able to determine, any matter about which Plaintiff complains

8  occurred without its knowledge, but since Plaintiff did not follow or exhaust administrative

9  remedies as to whatever the perceived issue may be, it is not possible to comment further at this

10 time. Plaintiff's claim, to the extent related to 401(k) benefits, is subject to dismissal for failure

11 to exhaust the 401(k) plan's administrative remedies.

    3.    Legal issues

    a.    Plaintiff's position. The legal dispute among the individuals involve
          California probate, contract and family law to determine the last valid will or
          other disposition of the property of Thanh Vo, deceased, who was plaintiff's
          husband. Rolls Wood USA's alleged liability is related to its handling of
          certain employment benefits related to its employment of Thanh Vo and
          specifically whether Rolls Wood is legally liable for the failure to pay those
          benefits to Quyen Le.

    b.    Defendants' position(s)

          Rolls Wood's position

The Court's prior disposition of Plaintiff's claim against MetLife for recovery of life insurance benefits – in which judgment was entered in favor of MetLife and against Plaintiff – is dispositive of Plaintiff's attempt to seek such benefits from Rolls Wood. Rolls Wood is the plan administrator of the 401(k) plan, but it does not control decisions by a participant such as Plaintiff's deceased husband to make withdrawals from an account; in any event, Plaintiff's claim is subject to dismissal for failure to exhaust administrative remedies.

          The Vo's position:  Although issues of California Probate and Family Law

1  are inherently intertwined, Plaintiff's allegation appears to be premised on
2  California civil law particularly with respect to undue influence.
3      4.    <u>Motions</u>
4      Plaintiff does not contemplate any motions.
5      Defendants' position(s)
6      <u>Rolls Wood's position</u>
7  Rolls Wood anticipates filing a motion for summary judgment under Federal Rule of
8  Civil Procedure 56 for failure to exhaust administrative remedies, or in the alternative, the Court
9  may decide the matter in a bench trial pursuant to Rule 52. Because the claims against Rolls
10 Wood are for ERISA-regulated benefits, the Court's decision will be based upon the
11 administrative record, without discovery or witnesses, and will be decided under an abuse of
12 discretion standard. *See Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir. 2006); *Taft*
13 *v. Equitable Life Assurance Co.*, 9 F.3d 1469, 1472 (9th Cir. 1994).
14     <u>The Vo's position</u>: If Plaintiff dismisses her claims against Rolls Wood USA, then the
15 Vo's may move to remand to Alameda County Superior Court since no federal claims would
16 then exist. Notwithstanding the foregoing, the Vo's do not contemplate any motions at this time.
17     5.    <u>Amendments to pleadings</u>
18     There is a settlement amount from an earlier Worker's Compensation proceeding
19 that is in trust for Quyen Le and Marie Auerbach, who claims to be the executor of the
20 estate of plaintiff's late husband. If not resolved through overall ADR, then plaintiff
21 would seek a stipulated amended (supplemental) complaint to allow this matter to be
22 resolved concurrently with the rest of the dispute.
23     Defendants' position(s)
24     <u>Rolls Wood's position</u>
25 Rolls Wood does not anticipate the filing of any amended pleadings.
26     <u>The Vo's position</u>: The Vo's have no objection, except to the extent that
27 Ms. Auerbach is <u>not</u> in possession of any funds and, consequently, she is not a proper
28 party to this proceeding.

1      6. <u>Evidence preservation.</u> No party has indicated that there is an issue here.

2      7. <u>Disclosures.</u> The parties have discussed, but have not made, their initial

3          disclosures yet.

4      8. <u>Discovery</u>. The parties have discussed, but have not made, their initial

5          disclosures yet. A discovery plan should probably await the outcome of those

6          disclosures.

7      Defendants' position(s):

8         <u>Rolls Wood's position</u>

9  Discovery is not appropriate in ERISA matters of this type, where there is no issue of

10  potential conflict of interest. *See Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir.

11  2006). In the circumstances of this case, no discovery is appropriate with respect to the claim

12  against Rolls Wood, which has no financial interest in the outcome of the dispute. *Taft v.*

13  *Equitable Life Assurance Co.*, 9 F.3d 1469, 1472 (9th Cir. 1994).

14      9. <u>Class actions.</u> Not applicable.

15     10. <u>Related cases.</u> There is a related case order, but no other related cases.

16     11. <u>Relief</u>. Plaintiff contends that she is entitled to the entire estate of her late

17          husband, information as to the amount and particulars of which are in control of

18          the defendants.

19      Defendants' position(s)

20         <u>Rolls Wood's position</u>

21  Plaintiff is not entitled to the relief she seeks; the life insurance claim is barred by the

22  prior judgment against her, and she did not exhaust administrative remedies as to the 401(k) plan.

23  Rolls Wood reserves the right to seek its attorneys' fees and costs in defending this action under

24  29 U.S.C. § 1132(g).

25      <u>The Vo's position</u>: The Vo's deny that Plaintiff is entitled to any relief,

26          particularly since Plaintiff seized all of the funds in the community bank account

27          and Mr. Vo changed his beneficiaries on his own accord. Consequently, the Vo's

28          reserve their right to seek their attorneys' fees and costs in defending this action as

well as motion the Court for sanctions.

12. <u>Settlement and ADR</u>. All parties appear willing to participate in settlement discussions, with the question being whether it is better to attempt to resolve Rolls Woods' involvement before commencing ADR.

Rolls Wood is willing to participate in mediation through the Court-sponsored ADR program.

13. <u>Consent to magistrate judge</u>. This case was already reassigned from a magistrate judge as a result of Judge Breyer's familiarity with a related case.

14. <u>Other references</u>. Not applicable.

15. <u>Narrowing of issues.</u>  At the meet and confer conference, the parties seemed to agree that if Rolls Wood has a dispositive defense that would require its dismissal, then that should be resolved before, for example, starting the depositions of percipient witnesses whose testimony is unrelated to that defense.

<u>Defendants' position(s)</u>

<u>Rolls Wood's position</u>

Rolls Wood is amenable to filing a dispositive motion in advance of commencement of discovery in this matter.

<u>The Vo's position</u>: Plaintiff should dismiss her claims against employer Rolls Wood USA as well as dismiss her claims against Marie Auerbach, the executor of the will, simply because, contrary to Plaintiff's allegations, Ms. Auerbach is not in possession of <u>any</u> of decedent's estate.

16. <u>Expedited scheduling.</u> Plaintiff has no specific recommendation, but given the relatively small size of the estate, there is reason to focus on having a significant amount wasted on legal fees.

<u>Defendants' position(s)</u>

<u>Rolls Wood's position</u>

1     Rolls Wood is amenable to expedited scheduling of this matter.

2     <u>The Vo's position</u>: This is a small estate and all counsel should therefore work towards
3 minimizing attorneys fees.

4   17.     <u>Scheduling</u>. Plaintiff thinks this may be premature, until there has been an
5     opportunity to evaluate and follow up on defendants' initial disclosures, and
6     possibly until there has been an ADR effort, either before or after resolving
7     Rolls Woods as an appropriate defendant *vel non*, as defense counsel has
8     signaled.

9     <u>Defendants' position(s)</u>

10       <u>Rolls Wood's position</u>

11 Since discovery would not be appropriate for the reasons discussed above, there is no
12 need to set a discovery cut-off date as to Plaintiff's claim against Rolls Wood. Rolls Wood
13 requests a dispositive motion hearing date of August 1, 2008. If the matter is not resolved on
14 summary judgment, then Rolls Wood proposes a court trial date at the Court's convenience
15 thereafter.

16     <u>The Vo's position:</u> The Vo's believe Scheduling is premature at this time.

17   18.     <u>Trial.</u> Jury trial has been demanded, with plaintiff's estimate at ten (10) trial
18     days.

19     <u>Defendants' position(s)</u>

20       <u>Rolls Wood's position</u>

21 Rolls Wood is unfamiliar with the claims against the co-defendants and is therefore
22 unable to determine a length of the total trial. No jury is available on ERISA claims, however,
23 and Rolls Wood estimates that the presentation of its defense will take less than one-half day.

24     <u>The Vo's position</u>: The Vo's respectfully request a Court Trial and estimate such
25     trial to last two (2) days.

26

27   19.     <u>Disclosure of interests.</u>

28

Pursuant to Civil L.R. 3-16, the undersigned certify that as of this date, other than the named parties, there is no disclosable interest to report.

_____
Geoffrey M. Faust, Attorney for plaintiff Quyen Le

_____
JACK BENOUN, ESQ., Attorney for defendants ANH VO, CHAU VO, THU VO, MINH VO, & THUANHAI VO

Disclosure of interests (defendants)

       Rolls Wood's position

None known.

20.     Other matters. None known to plaintiff.

       i. Rolls Wood's position

None known.

DATED: February   , 2007

By:_____
    Geoffrey M. Faust
    Attorney for Quyen Le

DATED: February  , 2008           SEDGWICK, DETERT, MORAN & ARNOLD LLP


                                  By:_____
                                      Rebecca A. Hull
                                      Shawn M. Wrobel
                                      Attorneys for Rolls Wood Group (Repair & Overhauls)
                                      USA, Inc.

DATED: February  , 2007


                                  By:_____
                                      Jack Benoun
                                      Attorney for the Vo defendants

DATED: February  , 2007


                                  By:_____
                                      Charles Brumfield
                                      Attorney Marie Auerbach