This watermark does not appear in the registered version - http://www.clicktoconvert.com

```
 1  LAW OFFICE OF JACK BENOUN
    JACK BENOUN (SBN: 44170)
 2  DAVID J. BENOUN (SBN: 247430)
    39510 Paseo Padre Parkway
 3  Suite 190
    Fremont, CA 94538
 4  Phone No: 510-797-3018
    Fax No.:   510-796-1624
 5  jack@benoun.com
    david@benounlaw.com
 6
 7
    Attorneys for Defendants,
 8  ANH VO, CHAU VO, THU VO,
    MINH VO, THUANHAI VO
 9
10                    UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12  QUYEN LE,                          CASE NO. 07-cv-05193 BZ
13            Plaintiff(s),            ANSWER TO FIRST AMENDED
                                       COMPLAINT
14  vs.
15  ANH VO, CHAU VO, THU VO, MINH VO,
    THUANHAI VO, MARIE AUERBACH,
16  ROLLS WOOD GROUP (REPAIR &
    OVERHAULS) USA, INC., AND DOES 1-30,
17  inclusive,
18            Defendant(s).
19  _____/
20        Defendants, ANH VO, CHAU VO, THU VO, MINH VO, THUANHAI VO ("the Vo's")
21  respond to the First Amended Complaint ("Complaint") of Plaintiff, QUYEN LE, on file herein,
22  as follows:
23        1.    On information and belief, the Vo's admit the allegations of paragraph 1 of the
24
    Complaint.
25
          2.    On information and belief, the Vo's admit the allegations of paragraph 2 of the
26
27  Complaint.
28
                                       1
    lw answer_1st_amended_complaint 2/15/08
```

This watermark does not appear in the registered version - http://www.clicktoconvert.com

3. On information and belief, the Vo's admit the allegations of paragraph 3 of the Complaint.

4. On information and belief, the Vo's admit the allegations of paragraph 4 of the Complaint.

5. On information and belief, the Vo's admit the allegations of paragraph 5 of the Complaint.

6. On information and belief, the Vo's admit the allegations of paragraph 6 of the Complaint.

7. To the extent that Defendant, MARIE AUERBACH, is an individual residing in, and a citizen of the State of California, the Vo's admit said allegations on information and belief. To the extent that Defendant, Auerbach is sued as the custodian of funds that belong to Plaintiff, the Vo's deny such allegations on the basis that the Vo's are informed and believe that Defendant, Auerbach does not possess any said funds.

8. The Vo's have no information sufficient to form and belief as to the allegations set forth in paragraph 8 of the Complaint, and on that basis deny such allegations.

9. To the extent that paragraph 9 of the Complaint consists of legal conclusions, the Vo's are not required to respond. To the extent that paragraph 9 of the Complaint consists of factual allegations, the Vo's deny such allegations as to themselves, and lack information sufficient to form a belief as to such allegations regarding any other person or entity and on such basis deny such allegations as to all other persons or entities.

10. To the extent that paragraph 10 of the Complaint consists of legal conclusions, the Vo's are not required to respond. To the extent that paragraph 10 of the Complaint consists of factual allegations, the Vo's deny such allegations as to themselves, and lack information

lw answer_1st_amended_complaint 2/15/08

This watermark does not appear in the registered version - http://www.clicktoconvert.com

sufficient to form a belief as to such allegations regarding any other person or entity and on such basis deny such allegations as to all other persons or entities.

11. To the extent that paragraph 11 of the Complaint consists of legal conclusions, the Vo's are not required to respond. To the extent that paragraph 11 of the Complaint consists of factual allegations, the Vo's expressly deny such allegations as to themselves, and lack information sufficient to form a belief as to such allegations regarding any other person or entity and on such basis deny such allegations as to all other persons or entities.

12. To the extent that paragraph 12 of the Complaint consists of legal conclusions, the Vo's are not required to respond. To the extent that paragraph 12 of the Complaint consists of factual allegations, the Vo's expressly deny such allegations as to themselves, and lack information sufficient to form a belief as to such allegations regarding any other person or entity and on such basis deny such allegations as to all other persons or entities.

13. To the extent that paragraph 13 of the Complaint consists of legal conclusions, the Vo's are not required to respond. To the extent that paragraph 13 of the Complaint consists of factual allegations, the Vo's expressly deny such allegations as to themselves, and lack information sufficient to form a belief as to such allegations regarding any other person or entity and on such basis deny such allegations as to all other persons or entities.

14. To the extend that paragraph 14 is construed as being alleged against the Vo's the allegations thereof are expressly denied. To the extent that such allegations are made against persons or entities other that the Vo's, the Vo's lack information sufficient to form a belief as to them, and on that basis deny them.

15. To the extent that paragraph 15 of the Complaint consists of legal conclusions, the Vo's are not required to respond. To the extend that paragraph 14 is construed as being alleged against the Vo's the allegations thereof are expressly denied. To the extent that such allegations

lw answer_1st_amended_complaint 2/15/08

This watermark does not appear in the registered version - http://www.clicktoconvert.com

1  are made against persons or entities other that the Vo's, the Vo's lack information sufficient to
2  form a belief as to them, and on that basis deny them.
3
4      16.    Responding to paragraph 16 of the Complaint, the Vo's incorporate herein by reference, as though set forth in full, paragraphs 1 through 15 above, inclusive.
5
6      17.    The Vo's expressly deny the factual allegations in paragraph 17 of the Complaint.
7      18.    The Vo's expressly deny the factual allegations in paragraph 18 of the Complaint.
8      19.    The Vo's expressly deny the factual allegations in paragraph 19 of the Complaint.
9      20.    The Vo's expressly deny the factual allegations in paragraph 20 of the Complaint.
10     21.    The Vo's expressly deny the factual allegations in paragraph 21 of the Complaint.
11     22.    The Vo's expressly deny the factual allegations in paragraph 22 of the Complaint.
12
13     23.    The Vo's expressly deny the factual allegations in paragraph 23 of the Complaint.
14     24.    The Vo's expressly deny the factual allegations in paragraph 24 of the Complaint.
15     25.    The Vo's expressly deny the factual allegations in paragraph 25 of the Complaint.
16     26.    Responding to paragraph 26 of the Complaint, the Vo's incorporates herein by
17  reference, as though set forth in full, paragraphs 1 through 25 above, inclusive.
18     27.    The Vo's expressly deny the factual allegations in paragraph 27 of the Complaint.
19
20     28.    The Vo's expressly deny the factual allegations in paragraph 28 of the Complaint.
21     29.    The Vo's expressly deny the factual allegations in paragraph 29 of the Complaint.
22     30.    Responding to paragraph 30 of the Complaint, the Vo's incorporate herein by
23  reference, as though set forth in full, paragraphs 1 through 29 above, inclusive.
24     31.    The Vo's expressly deny the factual allegations in paragraph 31 of the Complaint.
25     32.    The Vo's expressly deny the factual allegations in paragraph 32 of the Complaint.
26
27     33.    Responding to paragraph 33 of the Complaint, the Vo's deny that Plaintiff has suffered any legally recognized or compensable injury.
28

This watermark does not appear in the registered version - http://www.clicktoconvert.com

34. The Vo's expressly deny the factual allegations in paragraph 34 of the Complaint.

35. Responding to paragraph 35 of the Complaint, the Vo's incorporate herein by reference, as though set forth in full, paragraphs 1 through 34 above, inclusive.

36. The Vo's expressly deny the factual allegations in paragraph 36 of the Complaint.

37. The Vo's expressly deny the factual allegations in paragraph 37 of the Complaint.

38. The Vo's expressly deny the factual allegations in paragraph 38 of the Complaint.

39. The Vo's expressly deny the factual allegations in paragraph 39 of the Complaint.

40. The Vo's expressly deny the factual allegations in paragraph 40 of the Complaint.

41. Responding to paragraph 41 of the Complaint, the Vo's incorporate herein by reference, as though set forth in full, paragraphs 1 through 40 above, inclusive.

42. The Vo's expressly deny the factual allegations in paragraph 42 of the Complaint.

43. The Vo's expressly deny the factual allegations in paragraph 43 of the Complaint.

44. The Vo's expressly deny the factual allegations in paragraph 44 of the Complaint.

45. The Vo's have no information sufficient to permit it to form a belief as to the truth of the remaining allegations of paragraph 45 of the Complaint, and on that basis deny such allegations.

46. The Vo's expressly deny the factual allegations in paragraph 46 of the Complaint.

47. The Vo's expressly deny the factual allegations in paragraph 47 of the Complaint.

48. Responding to paragraph 48 of the Complaint, the Vo's incorporate herein by reference, as though set forth in full, paragraphs 1 through 47 above, inclusive.

49. The Vo's expressly deny the factual allegations in paragraph 49 of the Complaint.

50. The Vo's expressly deny the factual allegations in paragraph 50 of the Complaint.

51. Responding to paragraph 51 of the Complaint, the Vo's incorporate herein by reference, as though set forth in full, paragraphs 1 through 50 above, inclusive.   The allegations

This watermark does not appear in the registered version - http://www.clicktoconvert.com

of paragraph 51 of the Complaint are not directed to the Vo's, which therefore are not required to respond to them. To the extent that such allegations could be deemed to be directed to the Vo's, they are denied.

52. The allegations of paragraph 52 of the Complaint are not directed to the Vo's, which therefore are not required to respond to them. To the extent that such allegations could be deemed to be directed to the Vo's, they are denied.

53. The allegations of paragraph 53 of the Complaint are not directed to the Vo's, which therefore are not required to respond to them. To the extent that such allegations could be deemed to be directed to the Vo's, they are denied.

54. The allegations of paragraph 54 of the Complaint are not directed to the Vo's, which therefore are not required to respond to them. To the extent that such allegations could be deemed to be directed to the Vo's, they are denied.

55. The allegations of paragraph 55 of the Complaint are not directed to the Vo's, which therefore are not required to respond to them. To the extent that such allegations could be deemed to be directed to the Vo's, they are denied.

<u>Definitions</u>:

1. As used herein, "Responding Party" means Defendants, ANH VO, CHAU VO, THU VO, MINH VO, THUANHAI VO.

2. As used herein, "Complainant" means Plaintiff, QUYEN LE.

3. As used herein, "Complaint" refers to the First Amended Complaint filed by Plaintiff, QUYEN LE.

### FIRST AFFIRMATIVE DEFENSE
(Comparative Negligence)

Responding Party is informed and believes and based upon such information and belief alleges that Complainant was careless and negligent in and about the matters of which

This watermark does not appear in the registered version - http://www.clicktoconvert.com

Complainant complains, which negligence contributed to Complainant's own injuries and damages and should, therefore, bar all recovery, or in the alternative, bar such portion representing Complainant's degree of culpability.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Responding Party alleges that Complainant has failed to state facts sufficient to constitute a cause of action against this Responding Party.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

Responding Party is informed and believes and upon such information and belief alleges, that Complainant has not come into Court with clean hands in that Complainant has violated a number of rights and duties owing to Responding Party and cannot now complain of the acts alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

Without in any way acknowledging that Responding Party committed any of the acts alleged in Complainant's complaint or that such acts occurred in the manner alleged or at all, Responding Party hereby alleges that Complainant both expressly and through Complainant's conduct, waived Complainant's right to complain of the conduct alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

Without in any way acknowledging that Responding Party committed any of the acts alleged in Complainant's Complaint or that such acts occurred in the manner alleged or at all, Responding Party hereby alleges that because of Complainant's acts and conduct, Complainant is estopped from complaining of Responding Party's conduct.

/ / /

lw answer_1st_amended_complaint 2/15/08

This watermark does not appear in the registered version - http://www.clicktoconvert.com

**SIXTH AFFIRMATIVE DEFENSE**
**(Consent)**

Responding Party alleges that at all times herein mentioned, Complainant has consented to the act and events set forth in the Complaint herein.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Fault or Negligence of Others)**

Responding Party alleges that if judgment is rendered against this Responding Party such judgment will have been proximately caused or contributed to, in whole or in part, by the intentional conduct or negligence of Complainant or persons or entities other than this answering Responding Party for which this Responding Party is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Statute of Frauds)**

Responding Party alleges that Complainant's alleged causes of action herein are barred by the provisions of California Civil Code Section 1624.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure of Consideration)**

Responding Party alleges a failure of consideration on the part of the Complainant.

**TENTH AFFIRMATIVE DEFENSE**
**(Release)**

Responding Party alleges that Complainant has released Responding Party from the claims alleged in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Responding Party alleges that Complainant has failed to mitigate Complainant's damages, if any there are.

/ / /

/ / /

lw answer_1st_amended_complaint 2/15/08

This watermark does not appear in the registered version - http://www.clicktoconvert.com

## TWELFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Responding Party alleges that Complainant's Complaint herein is barred by the principles of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Fraud and Misrepresentation)

Responding Party alleges that the Complainant has been guilty of fraud and fraudulent misrepresentation against Responding Party, thereby relieving Responding Party of any and all obligations under any alleged agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Performance by Responding Party)

If any obligations were owed to the Complainant, this Responding Party alleges that Responding Party duly performed, satisfied and discharged all duties and obligations Responding Party may have owed the Complainant arising out of any and all agreements, representations or contracts made by Responding Party or on behalf of this Responding Party and this action is therefore barred by the provision of California Civil Code Sections 1473, and 1478.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Legal Right)

Responding Party alleges that at all times Responding Party acted under a legal right or in a good faith belief in the existence of a legal right.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Responding Party alleges that if Complainant is allowed to recover from this Responding Party, such recovery would constitute unjust enrichment.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Setoff)

Responding Party alleges that the alleged claims and damages upon which the Complaint

lw answer_1st_amended_complaint 2/15/08

This watermark does not appear in the registered version - http://www.clicktoconvert.com

is based have been reduced in part or satisfied in full by virtue of claims, setoffs, and other funds due and owing by Complainant, Complainant's predecessors, subsidiaries, assigns and assignees, to this answering Responding Party.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure to Perform)

Responding Party alleges that the contracts between the Complainant and the Responding Party alleged herein, if any existed, contained by a provision requiring the fulfillment of a condition precedent by the Complainant before the Responding Party incurred any obligations. The condition precedent to the contracts was not fulfilled, and the Responding Party, therefore, is relieved of all obligations thereunder.

### NINETEENTH AFFIRMATIVE DEFENSE
(Discharge)

Responding Party's obligations to perform were discharged by Complainant's conduct.

### TWENTIETH AFFIRMATIVE DEFENSE
(Consent)

Responding Party alleges that Complainant consented to the acts and events complained of herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Unwarranted Action)

Responding Party is informed and believes, and upon such information and belief alleges that this action was not warranted by existing law as against Responding Party and/or for an improper purpose and Responding Party is entitled to sanctions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Attorney's Fees)

Responding Party is informed and believes, and upon such information and belief alleges, that pursuant to applicable code sections, Responding Party is entitled to an award of reasonable

This watermark does not appear in the registered version - http://www.clicktoconvert.com

1 | attorneys' fees and defense costs incurred in the defense of the complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Responding Party is not a proper party to this action.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to set out her claims with sufficient particularity to permit Responding Party to raise all potentially appropriate defenses, and Responding Party therefore reserves the right to add further defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, the Vo's pray for relief as follows:

1. That Plaintiff take nothing by way of her Complaint:

2. That Judgment be entered in favor of the Vo's and against Plaintiff;

3. That the Vo's be awarded their costs of suit incurred in this action;

4. That the Vo's be awarded their attorneys' fees incurred in this action under 29 U.S.C. §1132; and

5. For such other and further relief as the Court deems just and proper.

Dated: 2/4/08

LAW OFFICE OF JACK BENOUN,

JACK BENOUN, ESQ.
Attorney for Defendants

lw answer_1st_amended_complaint 2/15/08

This watermark does not appear in the registered version - http://www.clicktoconvert.com

# PROOF OF SERVICE BY MAIL

I declare that:

I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 39510 Paseo Padre Parkway, Suite 190, Fremont, California 94538.

On February 21, 2008 I served the foregoing document described as **Answer To First Amended Complaint** on Plaintiff's attorney and Defendant's attorney in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Geoffrey M. Faust, Esquire
P.O. Box 751
Clayton, CA 94517

Shawn M. Wrobel, Esquire
SEDWICK, DETERT, MORAN & ARNOLD, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Charles E. Brumfield, Esquire
1725 Gillespie Way
El Cajon, CA 92020

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Fremont, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 21, 2008 at Fremont, California.

LISA R. WEBER

lw answer_1st_amended_complaint 2/15/08